IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DIA AMADOU MOCKHTAR,            :
                                :
        Petitioner              :
                                :
    v.                          :    CIVIL NO. 3:CV-16-1926
                                :
CRAIG LOWE, ET AL.,             :    (Judge Conaboy)
                                :
        Respondents             :

FILED
SCRANTON

JUL 1 3 2017

Per_____
DEPUTY CLERK

**MRMORANDUM**
**Background**

Dia Amadou Mockhtar filed this pro se petition for writ of
habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the
Bureau of Immigration and Customs Enforcement (ICE) at the Pike
County Prison, Lords Valley, Pennsylvania. Named as Respondents
are various federal officials and Warden Craig Lowe of the Pike
County Prison. Service of the petition was previously ordered.

Mockhtar states that he is a native and national of Senegal
who entered the United States in 1992 as a non-immigrant visitor
for pleasure. See Doc. 1, ¶ 9. According to the Petition and
exhibits, Petitioner was convicted of federal criminal charges
of conspiracy to commit wire fraud while in this country. After
serving a thirty-six (36) month sentence, Petitioner was
transferred into ICE custody on November 13, 2015 where he has
remained for a period of approximately nine (9) months as of the
filing date of this action. An Immigration Judge ordered

1

Petitioner's removal from the United States on March 14, 2016.

It is alleged that although Petitioner has cooperated in the removal process, ICE has been unable to deport Mockhtar to Senegal. Petitioner's pending § 2241 petition challenges his indefinite detention pending removal under the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001) and seeks his release under an order of supervision.

## Discussion

On July 11, 201, Respondent filed a "Notice of Removal" Doc. 9, p. 1. The notice states that Petitioner was deported from the United States on March 4, 2017. Accordingly, Respondent contends that since the relief sought by his pending action can no longer be granted, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the

continuing existence of a live and acute controversy." <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Id</u>. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974)); <u>see also</u> <u>Gaeta v. Gerlinski</u>, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Mockhtar sought his immediate release from ICE detention under an order of supervision. <u>See</u> Doc. 1, p. 8. A submitted copy of a declaration under penalty of perjury by Deportation Officer Stephen Waite confirms that Petitioner was removed from the United States on March 4, 2017. <u>See</u> Doc. 9-1, p. 1. Since Petitioner is no longer being detained by ICE, under the principles set forth in <u>Steffel</u>, Mockhtar's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: JULY 12, 2017

3